UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEAN E. POIRIER,  :
    Plaintiff,  :
      :
v.  :   CA 06-376 T
      :
JO ANNE B. BARNHART,  :
COMMISSIONER OF  :
SOCIAL SECURITY,  :
    Defendant.  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    This matter is before the Court on the request of Plaintiff Jean E. Poirier ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act"). Defendant Jo Anne B. Barnhart ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the case to the Commissioner for further administrative proceedings.

    The matter has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition. See 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I find that remand to the Commissioner is appropriate. Accordingly, I recommend that Defendant's Assented-to Motion for Voluntary Remand under Sentence Four of 42 U.S.C. § 405(g) (Document ("Doc.") #5) ("Motion for Remand") be granted.

**Facts and Travel**

    Plaintiff was born on December 2, 1969, and was thirty-five years old at the time of the hearing before the Administrative

Law Judge ("ALJ").  (Record ("R.") at 19)  He has an eleventh grade education and past relevant work experience as a drywall applicator.  (R. at 16)

Plaintiff filed an application for DIB on March 25, 2003, alleging disability since September 12, 2002, due to injuries sustained in a motor vehicle accident and depression.  (R. at 15-16)  The applications were denied initially and on reconsideration, and a request for a hearing before an ALJ was timely filed.  (R. at 15)  A hearing was conducted on March 1, 2005, at which Plaintiff, represented by counsel, appeared and testified.  (Id.)  A vocational expert also testified.  (Id.)  The ALJ issued a decision on June 8, 2005, in which he found Plaintiff not disabled and, therefore, not entitled to DIB.[1]  (R. at 15-21)  Plaintiff requested review by the Appeals Council,

---

[1] To qualify for DIB, a claimant must meet certain insured status requirements, be younger than sixty-five years of age, file an application for benefits, and be under a disability as defined by the Act.  See 42 U.S.C. § 423(a) (2006).  The ALJ found that Plaintiff met the nondisability requirements set forth in Section 216(i) of the Social Security Act, see 42 U.S.C. § 416(i) (2006), and that he was insured through December 31, 2007, (R. at 16, 20).

Following the familiar sequential evaluation, see 20 C.F.R. §§ 404.1520 (2006); see also Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 2291 (1987); Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001), the ALJ determined: that Plaintiff had not engaged in substantial gainful activity during the period of alleged disability, (R. at 16, 20); that the residual effects of fractures of Plaintiff's left femur and right foot as well as Plaintiff's depression were severe but did not meet or medically equal a listed impairment, (id.); that Plaintiff's allegations of complete and total disability were not entirely credible, (R. at 17, 20); that Plaintiff was capable of performing a reduced range of sedentary work, (id.); that he was unable to perform his past relevant work, (R. at 18, 20); that, considering his age, educational background, and work experience and based on the testimony of the vocational expert, Plaintiff was capable of making a successful adjustment to work that existed in significant numbers in the national economy (R. at 20-21); and that, therefore, Plaintiff was not disabled, as defined by the Act, and not entitled to a period of DIB, (id.).

2

which on June 23, 2006, declined review, thereby rendering the ALJ's decision the final decision of the Commissioner. (R. at 6).

Plaintiff filed a Complaint (Doc. #1) in this Court on August 22, 2006. Defendant on October 25, 2006, filed her Answer (Doc. #2). The case was subsequently referred to this Magistrate Judge for a report and recommendation. See Order dated December 12, 2006 (Doc. #3). On January 3, 2007, Defendant filed the instant Motion for Remand (Doc. #5).

## Discussion

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006). Defendant requests that the Court remand the case for further administrative proceedings, Memorandum in Support of Assented-to Motion for Voluntary Remand under Sentence Four of 42 U.S.C. § 405(g) ("Defendant's Mem.") at 4, because: the ALJ failed to address or assign any weight to the opinion of one of Plaintiff's treating physicians, Dr. Appel,[2] see id. at 2; the ALJ's determination to assign no weight to the opinions of Plaintiff's treating psychologist and psychiatrist, respectively Dr. Clifford Gordon and Dr. Shamid Elahi, does not appear to be supported by

---

[2] Defendant acknowledges that Dr. Appel's opinion "encroached on the ALJ's prerogative to determine the ultimate issue of disability ...." Defendant's Mem. at 2 (citing 20 C.F.R. § 404.927(e)). However, Defendant correctly notes that "the ALJ was nonetheless obligated to evaluate it in light of the total record." Id. (citing Social Security Ruling 96-5p).

3

substantial evidence in the record (including evidence that was before the ALJ as well as new and material evidence submitted to the Appeals Council), see id. at 2-3; certain relevant mental health treatment records from Rick Jobin, LCSW, of Family Resources are clearly missing from the record and reasonable efforts to obtain these treatment notes apparently were not made as required, see Defendant's Mem. at 3; and denial of the instant claim appears inconsistent with the fact that Plaintiff was found to be disabled by mood disorders as of June 9, 2005, the day after the current ALJ's decision, based on a subsequent application for DIB filed on July 26, 2005, see id. at 3-4. Defendant therefore requests that a judgment reversing the ALJ's decision and remanding the matter to the Commissioner for further administrative proceedings be entered.[3]  See Motion for Remand; see also Defendant's Mem. at 4.

    The Court agrees that remand is appropriate.  Accordingly, I recommend that the matter be remanded to the Commissioner for further administrative proceedings.  On remand, the Commissioner should be directed to instruct an ALJ to: (1) update Plaintiff's medical records and obtain any new treatment records, including those from Family Resources and the evidence considered in connection with the allowance of Plaintiff's July, 2005, claim; (2) conduct another administrative hearing and obtain evidence from a medical expert to assist in determining the nature and severity of Plaintiff's impairments; (3) if warranted by the expanded record, obtain evidence from a vocational expert to assist in determining the extent to which Plaintiff's functional limitations erode his occupational base; and (4) issue a new

---

[3] Defendant's counsel represents that Plaintiff's counsel has assented to remand of the case for further administrative proceedings. See Defendant's Mem. at 5.

decision based on the total record, which will evaluate all of the medical opinions in the record, including those of Drs. Appel, Gordon, and Elahi, as provided by 20 C.F.R. § 404.1527. See Defendant's Mem. at 4.

### Conclusion

I recommend that Defendant's Motion for Remand be granted and that the matter be remanded to the Commissioner for further administrative proceedings as outlined above. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
January 11, 2007